UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HOWARD COHAN,

        Plaintiff,

  vs.

Y REAL ESTATE GROUP, LLC, d/b/a
THE BEACH SIDE VILLAS,


        Defendant.

_____/

## COMPLAINT

Plaintiff, HOWARD COHAN, (hereinafter "Plaintiff") through the undersigned counsel, hereby files this Complaint and sues Y REAL ESTATE GROUP, LLC, d/b/a THE BEACH SIDE VILLAS, (hereinafter, referred to as "the Defendant"), a/k/a BEACHSIDE VILLAS-1 and BEACHSIDE VILLAS-II, for declaratory and injunctive relief, attorney fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. 12182 et seq., the 2010 ADA Standards (AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND VENUE

1. This Honorable Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the Americans with Disabilities

1

Act (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202 and 2010 ADA Standards.

2. Venue is proper in this Court, the Southern Division, pursuant to 28U.S.C. §1391(B) and rule 3.1 Local Rules of the United States District for the Southern District of Florida in that all the events giving rise to the lawsuit occurred in Broward County, Florida.

## PARTIES

3. Plaintiff, HOWARD COHAN, is sui juris and is a resident of the State of Florida residing in Palm Beach County, Florida. He is an individual with numerous disabilities including spinal stenosis which causes a restriction to his spinal canal, resulting in a neurological deficit.  At the time of Plaintiff's visit on December 4, 2014 to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. The Plaintiff personally visited the Defendant's facility but was denied full and equal access and full and equal  enjoyment  of  the  facilities,  services,  goods,  and amenities  within  Defendant's facility, even though he would be classified as a "bona fide patron". Specifically, Plaintiff desired to stay at the subject property as a guest but could not due Defendant's failure to provide access to the swimming pools and common areas for disabled persons.

4. Plaintiff will avail himself of the services offered at the facility in the future, provided that the Defendant modifies the Premises or modify its' policies and practices to accommodate individuals with disabilities.

5. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

2

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is the Plaintiff's belief that said violations will not be corrected without court intervention, and thus the Plaintiff will suffer legal harm and injury in the near future.

6. Defendant is authorized to conduct and is in fact conducting business within the State of Florida. Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Property (hereinafter "Subject Facility") and the owner of the improvements where the Subject Facility which is the subject of this suit is located at addresses 2111 NE 33rd Avenue and 2133 NE 33rd Avenue, Fort Lauderdale Florida, 33305.

7. All events giving rise to this lawsuit occurred in the State of Florida, Broward County.  Venue is proper in this Court.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff adopts and re-alleges the allegations stated in paragraph "1" through "5"of this complaint as if fully stated herein.

9. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants(s) have ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

10. Congress found, among other things, that:

    i.   some 43,000,000 Americans  have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    ii.  historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

    iv.  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and The Defendants is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff

     v.     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

  See 42 U.S.C. §12101(a)(1)-(3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was  to:

     i.     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

     ii.     provide, clear, strong, consistent,  enforceable standards addressing discrimination against individuals with disabilities; and,

     iii.     invoke the sweep of congressional   authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

  See 42 U.S.C. §12101(b)(1)(2) and (4).

12. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it provides services to the general public and  must be  in  compliance therewith. The building and/or Subject Facility which is a subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

13. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the subject property as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

14. Plaintiff has visited the Subject Property, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact. Plaintiff experienced barriers to access due to the failure to provide access to the pool for a disabled person. The violations are more specifically set forth in paragraphs 17 through 22.

15. Plaintiff would like to return and enjoy the goods and/or services at the Subject Facility on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore Plaintiff continues to suffer from discrimination and injury due to the architectural barriers which are in violation of the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

17. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of the failure to provide the required means of access for the swimming pools i.e., means of entry for persons with disability such as pool lift chair, sloped entry, transfer wall or transfer platform in compliance with 2010 ADAAG §1009. Additionally, failure to remove the barriers to access of

the swimming pool endangers disabled persons and poses a threat of imminent harm to disabled persons who attempt to utilize the pools without an ADA required means of entry. As such a disabled person such as the Plaintiff is not provided with equal access to the facilities as a person with no disability.

18. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of the failure to provide parking for individuals with disabilities in violation of 2010 ADAAG §208.1 when resolution is readily achievable.

19. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of the failure to provide van disabled parking spaces in violation of 2010 ADAAG §208.2.4 when resolution is readily achievable.

20. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of the failure to provide sign(s) for disabled parking in violation of 2010 ADAAG §502.6 when resolution is readily achievable.

21. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of the providing pathways and surfaces to access the pool that are uneven in violation of 2010 ADAAG §206.2.2, 303 and 403.3 when resolution is readily achievable.

22. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the

Plaintiff as a result of the failure to provide disabled persons with a continuous path of travel connecting all essential elements of the facility in violation of 2010 ADAAG §4.3.1 and 4.3.2 when resolution is readily achievable.

23. To the best of Plaintiff's belief and knowledge, the Defendant has failed to eliminate the specific violation(s) set forth in paragraphs 17 through 22.

24. An expert determined that the violations referenced above were still outstanding. Although the Defendant is charged with having knowledge of the violations, the Defendant may not have actual knowledge of said violations until this Complaint makes the Defendant aware of same.

25. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

26. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

27. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

28. All of the above violations are readily achievable to modify in order to bring the Facility/Property into compliance with the ADA.

29. Upon information and belief the Property has been altered since 2010.

8

30. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraphs 17 through 22 can be applied to the 1991 ADAAG standards.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

1. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendant is in violation of the ADA.

2. That this Honorable Court enter an Order requiring Defendant to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

4. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit to the Plaintiff; and

9

5.  That this Honorable Court award  such other and further relief as it may deem

necessary, just and proper.

Dated this 18th day of December, 2014.

Respectfully submitted,

MARK D. COHEN, P.A.
Counsel for Plaintiff
Presidential Circle
Hollywood, Florida 33021
Telephone (954) 962-1166
Fascimile (954) 962-1779

*/s/ Mark D. Cohen*
Mark D. Cohen, Esquire
Fla. Bar No. 347345
Email: mdcohenpa@yahoo.com